UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Christopher Crosby

    v.                                    Civil No. 12-cv-383-SM

Warren Dowaliby, Superintendent,
Strafford County Department of
Corrections, et al.[1]


**O R D E R**

Before this court is pro se plaintiff Christopher Crosby's complaint (doc. no. 1).  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Background**

Crosby has filed this action regarding an assault that he alleges occurred while he was in pretrial detention at the Strafford County Department of Corrections ("SCDOC").  Crosby

---

[1]Defendants named in the complaint are Strafford County Department of Corrections ("SCDOC") Superintendent Warren Dowaliby, SCDOC inmate Jacob Braley, and the following SCDOC officers:  Lt. Roy, whose first name is unknown ("FNU"); Sgt. FNU McGowen; Cpl. FNU Cormier; and Corrections Officers FNU Nadeau, FNU Darko, and FNU Chapel.  SCDOC Corrections Officer Baggs is not identified as a defendant in the caption, but the narrative in the complaint indicates that Crosby intended to name Baggs as a defendant to this action.

asserts that in late September and/or early October 2011, an SCDOC inmate, Jacob Braley, harassed and threatened him with violence. Crosby alleges that he reported the harassment and threats to SCDOC corrections officers and asked for help and protection from Braley, and that those officers told Crosby that they could do nothing unless they witnessed an assault or the harassment.

Crosby alleges that he sent an inmate request slip to the SCDOC classifications office in which he reported the harassment and threats, and requested that something be done. In response, Crosby asserts, Corrections Officer ("C.O.") Baggs announced to the whole unit that if the harassment and threats did not stop, "there would be consequences." Crosby asserts that SCDOC staff members took no other action in response to Crosby's "constant cries for help" at that time.

Crosby alleges that shortly after Baggs's announcement, on October 20, 2011, Braley "brutally" attacked Crosby, striking his face, causing lacerations requiring sutures, and breaking Crosby's nose and cheek bone. Crosby asserts that the assault lasted for more than fifteen minutes before officers intervened and brought Crosby to the infirmary. C.O. Chapel, in the guard tower at the time, was responsible for monitoring the unit where

the assault occurred. Crosby states that on March 15, 2012, he underwent nasal reconstructive surgery to treat conditions resulting from the assault.

Crosby filed this action thereafter, asserting the following federal civil rights claims, arising under 42 U.S.C. § 1983, against government agents, and state law tort claims against each of the defendants named in the caption[2]:

> 1. SCDOC Lt. Roy, Sgt. McGowen, Cpl. Cormier, and C.O.s Nadeau, Darko, Chapel, and Baggs violated Crosby's Eighth and Fourteenth Amendment rights, in that, acting with deliberate indifference, they failed to protect Crosby from a substantial risk of serious harm, on or before October 20, 2011, the date Braley attacked Crosby.
>
> 2. SCDOC Superintendent Dowaliby violated Crosby's Eighth and Fourteenth Amendment rights to protection from harm during his incarceration, in that Dowaliby failed to supervise Lt. Roy, Sgt. McGowen, Cpl. Cormier, and COs Nadeau, Darko, Chapel, and Baggs, and that failure to supervise resulted in those officers' failure to protect Crosby from an assault that occurred on October 20, 2011.
>
> 3. Lt. Roy, Sgt. McGowen, Cpl. Cormier, and C.O.s Nadeau, Darko, Chapel, and Baggs, are liable for negligence under state law for breaching their duty to protect Crosby from the risk of harm posed by Braley.

---

[2]Crosby has asserted that he had a First Amendment right to complain to SCDOC officers about harassment and threats, and an Eighth and Fourteenth Amendment right not to be punished. As Crosby has failed to allege that any SCDOC officer punished or otherwise retaliated against him for his complaints, the court has not construed the complaint (doc. no. 1) as intending to assert a First Amendment retaliation claim against any SCDOC officer.

4.  Braley is liable for the intentional torts of assault and battery under state law, for attacking Crosby on October 20, 2011, causing emotional harm and physical injuries, including lacerations and fractures to his nose and cheek, requiring reconstructive surgery.

5.  SCDOC Superintendent Dowaliby, in his official capacity, is responsible under the doctrine of respondeat superior: (a) for the tortious conduct of Lt. Roy, Sgt. McGowen, Cpl. Cormier, and C.O.s Nadeau, Darko, Chapel, and Baggs; and (b) for the tortious conduct of Braley.

6.  SCDOC Superintendent Dowaliby is liable for negligently failing to supervise Lt. Roy, Sgt. McGowen, Cpl. Cormier, and C.O.s Nadeau, Darko, Chapel, and Baggs, resulting in those officers' failure to protect Crosby from the October 20, 2011, assault.

**Discussion**

I.  Failure to Protect (Claim 1)

As Crosby was a pretrial detainee at the SCDOC, his failure to protect claim arises under the Fourteenth Amendment. See Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st Cir. 2007). The same standard that governs Eighth Amendment claims applies to a pretrial detainee's claims under the Fourteenth Amendment. See Mosher v. Nelson, 589 F.3d 488, 493 n. 3 (1st Cir. 2009) (applying deliberate indifference standard to pretrial detainee's claim of failure to protect).

The key issue for the court is whether Crosby has adequately alleged that defendants acted with deliberate indifference when they failed to protect him from Braley.

Deliberate indifference requires a showing that a prison official who was subjectively aware of a substantial risk of serious harm to an inmate, acted, or failed to act, in disregard of that awareness.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

Here, Crosby has shown that he complained to unidentified SCDOC officers about Braley's threats, that he filed an inmate request slip with the classifications office requesting their assistance and protection, and to be relocated.  He has also alleged that C.O. Baggs responded to his inmate request slip by announcing to the unit that there would be unspecified consequences if the threats and harassment persisted. Additionally, Crosby has alleged that although C.O. Chapel was supposed to be monitoring the unit during the attack, help did not come for more than fifteen minutes.  Nothing in the complaint, including those factual allegations, shows that any SCDOC officer named as a defendant acted with deliberate indifference, as no facts support a plausible inference, at this time, that any individual officer was aware of or had inferred from the circumstances a risk of harm to Crosby, and acted or

failed to act in conscious disregard of that risk.  To maintain a Fourteenth Amendment claim against the SCDOC officers, Crosby must file an amended complaint identifying particular officers by name, and stating, with specificity, the information known by those officers, and how those officers were made aware of the information, on or before October 20, 2011.  Further, Crosby must state in his amended complaint what the officers did or failed to do, with deliberate indifference, that violated Crosby's right to protection.

II.   Supervisory Liability under § 1983 (Claim 2)

Crosby has asserted that SCDOC Superintendent Dowaliby is liable under 42 U.S.C. § 1983 for failing to supervise the officers who, in turn, failed to protect Crosby.  With respect to the claim asserted under 42 U.S.C. § 1983, the analysis focuses on whether the supervisor's actions displayed deliberate indifference toward the rights of the plaintiff and had some causal connection to the subsequent tort.  Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009) (citing Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)).  Crosby must allege facts to show that Dowaliby's own acts or omissions constituted "'supervisory encouragement, condonation or acquiescence[,] or gross negligence . . . amounting to deliberate indifference'" to

6

Crosby's constitutional rights.  <u>Grajales v. P.R. Ports Auth.</u>, 682 F.3d 40, 47 (1st Cir. 2012) (citation omitted).  The facts presently alleged in the complaint do not show gross negligence, encouragement, condonation, or acquiescence amounting to deliberate indifference, and therefore fail to state a claim of supervisory liability under § 1983 at this time.

To maintain a § 1983 claim of supervisory liability, Crosby must file an amended complaint stating, with specificity, the information known by Dowaliby, and how Dowaliby was made aware of the information, on or before October 20, 2011.  Further, Crosby must state what Dowaliby did or failed to do, with deliberate indifference, that violated Crosby's right to protection, with respect to Dowaliby's own acts, and his supervision of the SCDOC officers.

**Conclusion**

The court grants Crosby leave to file an amended complaint, within thirty days of the date of this order, as follows:

    1.   Crosby must identify with specificity, with respect to each SCDOC defendant in this action, what each defendant knew that caused that defendant to have a subjective awareness of the risk Braley posed to Crosby, and how each defendant was made aware of that information;

    2.   Crosby must identify with specificity, with respect to each SCDOC defendant in this action, what each

defendant did or failed to do, with deliberate indifference to the risk to Crosby, that renders that defendant liable to Crosby in this action.

     3. With respect to Superintendent Dowaliby, Crosby must demonstrate, with specificity, any action that Dowaliby undertook or failed to undertake, and any information known to Dowaliby, which demonstrates that Dowaliby failed to properly supervise the named defendant SCDOC officers to prevent the October 20, 2011, assault.

After receipt of an amended complaint, or the expiration of the time granted Crosby to file an amendment, the court will complete preliminary review of all claims in this action, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(2).

     SO ORDERED.

                                               _____
                                               Landya McCafferty
                                               United States Magistrate Judge

February 4, 2013

cc: Christopher Crosby, pro se

LBM:nmd