## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Crosby

    v.                               Civil No. 12-cv-383-SM

Warren Dowaliby, Superintendent,
Strafford County Department of
Corrections, et al.[1]


### REPORT AND RECOMMENDATION


Before this court are the complaint and two addenda to the complaint (doc. nos. 1, 7 and 8) filed by pro se plaintiff Christopher Crosby.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).


### Preliminary Review Standard

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se

---

[1]Defendants named in the complaint and the first addendum thereto (doc. nos. 1 and 7) are former Strafford County Department of Corrections ("SCDC") Superintendent Warren Dowaliby, inmate Jacob Braley, and the following SCDC officers: Lt. Roy, whose first name is unknown ("FNU"); Sgt. FNU McGowen; Cpl. FNU Cormier; and Corrections Officers FNU Baggs, FNU Nadeau, FNU Darko, and FNU Chapel.  The narrative in the complaint and the addendum (doc. nos. 1 and 7) indicate that Crosby also intends to name the SCDC as a defendant.

prisoner complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se prisoner complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Crosby was a pretrial inmate at the Strafford County Department of Corrections ("SCDC") during September and October 2011. Crosby asserts in this action that for more than a month, beginning in late September and/or early October 2011, an SCDC inmate, Jacob Braley, harassed and threatened him with violence. Crosby alleges that he reported the harassment and threats to SCDC Corrections Officers ("C.O.s") Baggs, Chapel, Darko, and Nadeau and asked for their help and protection. C.O.s Chapel, Darko, and Nadeau told Crosby that they could do nothing unless they witnessed either an assault or the harassment. Crosby also alleges that those officers' supervisors, Lt. Roy, Sgt. McGowen, and Cpl. Cormier, refused to take action when Crosby complained to them, and stood by the responses of their subordinates.

Crosby further alleges that he sent an inmate request slip to the SCDC classifications office in which he reported the harassment and threats, and requested that something be done. Crosby asserts he met face-to-face with the classifications officer, C.O. Baggs, and described the threats and harassment in detail. Crosby requested that Braley be transferred. In response, Crosby alleges, Baggs announced to the whole unit that if the harassment and threats did not stop, "everyone" would pay the consequences.

3

Crosby alleges that Baggs's announcement made the situation worse and that shortly afterwards, on October 20, 2011, Braley "brutally" attacked Crosby, striking his face, causing lacerations requiring sutures, and breaking Crosby's nose and cheek.  C.O. Chapel, in the guard tower at the time, was responsible for monitoring the unit where the assault occurred. Crosby asserts that the assault lasted for more than fifteen minutes before officers intervened and brought Crosby to the infirmary.  Crosby states that he underwent nasal reconstructive surgery on March 15, 2012, to treat conditions resulting from the assault.  Crosby asserts that Braley pleaded guilty to criminal assault charges arising from the incident and was sentenced to state prison.

## Claims

In the complaint and in the addendum (doc. nos. 1 and 7), Crosby asserts the following federal civil rights claims, arising under 42 U.S.C. § 1983, and pendent state law tort claims:

> 1.   SCDC Lt. Roy, Sgt. McGowen, Cpl. Cormier, and C.O.s Nadeau, Darko, Chapel, and Baggs violated Crosby's Fourteenth Amendment right to due process, in that, acting with deliberate indifference, they failed to protect Crosby from the substantial risk of serious harm presented by Braley.

2.   SCDC Lt. Roy, Sgt. McGowen, and Cpl. Cormier each violated Crosby's Fourteenth Amendment right to protection from harm during his incarceration, in that they failed to supervise their subordinates, resulting in the subordinate officers' failure to protect Crosby from the substantial risk of serious harm presented by Braley.

3.   SCDC Superintendent Dowaliby violated Crosby's Fourteenth Amendment right to protection from harm during his incarceration, in that he failed to supervise his subordinates, resulting in the subordinate officers' failure to protect Crosby from the substantial risk of serious harm presented by Braley.

4.   The SCDC violated Crosby's Fourteenth Amendment right to protection from harm during his incarceration, in that SCDC staff systematically failed to protect Crosby when he repeatedly requested that the SCDC staff protect him from Braley.

5.   Defendants violated (a) Crosby's Eighth Amendment right not to be subjected to cruel and unusual punishment; (b) Crosby's Fourteenth Amendment right to equal protection; and (c) Crosby's First Amendment right not to suffer retaliation after he complained about Braley's threats.

6.   SCDC Lt. Roy, Sgt. McGowen, Cpl. Cormier, and C.O.s Nadeau, Darko, Chapel, and Baggs are liable for negligence under state law for failing to protect Crosby from the risk of harm posed by Braley.

7.   The SCDC is liable under state law (a) for negligently failing to supervise Lt. Roy, Sgt. McGowen, Cpl. Cormier, and C.O.s Nadeau, Darko, Chapel, and Baggs, resulting in those officers' failure to protect Crosby from Braley; and (b) for negligently failing to take action to prevent Braley from injuring Crosby.

8.   The SCDC is vicariously liable for its employees' tortious conduct.

9.   Braley is liable for the intentional torts of assault and battery under state law, for threatening violence, and for assault, for attacking Crosby on October 20, 2011,

causing emotional harm and physical injuries, including
lacerations and facial fractures requiring reconstructive
surgery.

**Discussion**

I.  Failure to Protect (Claim 1)

As Crosby was a pretrial detainee at the SCDC, his failure
to protect claim arises under the Fourteenth Amendment.  See
Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st Cir. 2007).  The
same standard that governs Eighth Amendment claims applies to a
pretrial detainee's claims under the Fourteenth Amendment.  See
Mosher v. Nelson, 589 F.3d 488, 493 n. 3 (1st Cir. 2009)
(applying deliberate indifference standard to pretrial
detainee's claim of failure to protect).  Deliberate
indifference requires a showing that a prison official who was
subjectively aware of a substantial risk of serious harm to an
inmate, acted, or failed to act, in disregard of that awareness.
Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).  "[T]he official
must both be aware of facts from which the inference could be
drawn that a substantial risk of serious harm exists, and he
must also draw the inference."  Id. at 837.

Here, Crosby has alleged facts showing that he had
repeatedly complained about Braley's threats of violence to
Nadeau, Darko, Chapel, and Baggs, and to their supervisors, Lt.

Roy, Sgt. McGowen, and Cpl. Cormier, and that those defendants either failed to take action, or, in the case of Baggs, made an announcement that exacerbated the risk to Crosby.  Cf. Irving v. Dormire, 519 F.3d 441, 451 (8th Cir. 2008) (inmate considered to be "snitch" is in danger of being assaulted or killed by other inmates).  Crosby has stated a plausible Fourteenth Amendment failure to protect claim, actionable against each of those defendants under 42 U.S.C. § 1983.  Accordingly, in an order issued this date, the court has directed service of Claim 1 upon defendants.

II.  Supervisory Liability under § 1983 (Claims 2 and 3)

    In Claims 2 and 3, above, Crosby asserts that Lt. Roy, Sgt. McGowen, Cpl. Cormier, and Superintendent Dowaliby each violated Crosby's Fourteenth Amendment right to protection from harm for failing to supervise their subordinates, which resulted in those officers' failure to protect Crosby from Braley.  To state a plausible claim of supervisory liability under 42 U.S.C. § 1983, Crosby must allege facts to show that the supervisory officer's own acts or omissions constituted "'supervisory encouragement, condonation or acquiescence[,] or gross negligence . . . amounting to deliberate indifference'" to Crosby's constitutional rights.  Grajales v. P.R. Ports Auth., 682 F.3d

40, 47 (1st Cir. 2012) (citation omitted).  As to Lt. Roy, Sgt.
McGowen, and Cpl. Cormier, Crosby has stated a plausible claim
of supervisory liability, and, therefore, the court's order this
date directs service of Claim 2 upon defendants Lt. Roy, Sgt.
McGowen, and Cpl. Cormier.

As to the former SCDC superintendent, however, Crosby has
failed to plead facts indicating that Dowaliby knew about
Braley's threats.  The complaint contains no facts that would
allow this court to reasonably infer that Dowaliby could be
liable to Crosby in Dowaliby's supervisory capacity, with
respect to the constitutional violations alleged.  Accordingly,
the court should dismiss the § 1983 claim of supervisory
liability asserted against Dowaliby (Claim 3).

III. Municipal Liability under § 1983 (Claim 4)

In Claim 4, Crosby alleges that the SCDC, an agency of
Strafford County, is liable under § 1983 for the SCDC officers'
failure to protect Crosby.  "[A] plaintiff who brings a section
1983 action against a municipality bears the burden of showing
that, through its deliberate conduct, the municipality was the
moving force behind the injury alleged.  Such a plaintiff must
identify a municipal policy or custom that caused the
plaintiff's injury."  Haley v. City of Boston, 657 F.3d 39, 51

(1st Cir. 2011) (emphasis in original) (citations and internal quotation marks omitted).

Crosby's allegations state a plausible claim that the defendants who failed to protect Crosby were implementing a municipal policy or custom preventing guards from protecting inmates unless they witness the threats or harassment reported to them, and that this policy or custom caused Crosby's injury. Accordingly, in the order issued this date, the court has directed service of Claim 4 upon defendants.

IV.  Remaining Federal Constitutional Claims (Claim 5)

Crosby alleges that defendants' conduct violated his rights under the Equal Protection Clause, the Eighth Amendment, and the First Amendment.  Crosby, however, has failed to allege any facts suggesting that he was treated differently than any other similarly situated inmate, or that the guards' failure to protect him was retaliatory for his engaging in protected speech.  Furthermore, as noted above, Crosby asserts that the incidents occurred while he was a pretrial detainee, as opposed to a convicted inmate.  Accordingly, Crosby's claims under the Equal Protection Clause, the Eighth Amendment, and the First Amendment (Claim 5) should all be dismissed for failure to state a claim upon which relief can be granted.

V.   <u>State Law Claims</u>

This court has supplemental jurisdiction over Crosby's state law negligence and assault and battery claims, as they arise out of "the same case or controversy" as the § 1983 claims.  <u>See</u> 28 U.S.C. § 1367.  In the interests of justice and efficiency, the court should exercise its supplemental jurisdiction over the state law claims asserted in this action.

A.   <u>SCDC Officers (Claim 6)</u>

Crosby has alleged that the defendant SCDC officers are liable to him under state law for failing to take reasonable steps to protect him from the risk of harm presented by Braley. Jailers have a duty under the common law to aid or protect inmates in their custody against unreasonable risks of physical harm.  <u>See</u> <u>Murdock v. City of Keene</u>, 137 N.H. 70, 72, 623 A.2d 755, 756 (1993) (citing Restatement (Second) of Torts § 314A, at 118 (1965)).  Here, the complaint and the addendum (doc. nos. 1 and 7) allege facts sufficient to state a plausible claim that SCDC officers breached that duty, rendering the officers potentially liable to Crosby under state law.  Accordingly, in the order issued this date, the court has directed service of Claim 6 upon the defendant officers.

C.    Negligence of SCDC (Claim 7)

    1.    Negligent Supervision of Officers (Claim 7(a))

Crosby asserts in Claim 7 that the SCDC had a duty to supervise the SCDC officers to ensure that SCDC officers protect inmates from unreasonable risks of inmate-on-inmate violence, and that the SCDC negligently failed to supervise the officers with respect to Crosby's complaints about Braley.  State law provides a cause of action against an employer for damages resulting from the negligent supervision of its employee's activities.  See Trahan-Laroche v. Lockheed Sanders, Inc., 139 N.H. 483, 485, 657 A.2d 417, 419 (1995).  The facts alleged in the complaint and the addenda are sufficient to state a negligent supervision claim against the SCDC, as an agent of Strafford County, and in the order this date, the court directs service of Claim 7(a) upon Strafford County.

    2.    Negligent Failure to Protect (Claim 7(b))

Crosby further asserts in Claim 7(b) that the SCDC had a duty to supervise inmates in their custody to prevent them from injuring other inmates, and that defendants breached that duty, which resulted in Braley's attack on Crosby.  In New Hampshire, in the analogous circumstance of an inmate's claim that his jailers were negligent in failing to protect him from injuries

sustained when he attempted suicide, the state supreme court held that liability requires a showing that the jailer either knew that the inmate was likely to attempt suicide, or had knowledge of facts that would lead a reasonable person so to believe, such that the jailer's reckless disregard for the prisoner's safety proximately caused harm to the inmate.  See Murdock, 137 N.H. at 73, 623 A.2d at 757.  Applying that standard by analogy to Crosby's Claim 7(b), the court finds that the facts alleged in the complaint and the addenda state a plausible claim that Strafford County, through its agents, negligently failed to protect Crosby from Braley.  The court, in the order this date, has directed service of Claim 7(b) upon Strafford County.

D.    Respondeat Superior (Claim 8)

A tortfeasor's employer may be vicariously liable if the tortious act was performed in part to serve the employer.  See Daigle v. City of Portsmouth, 129 N.H. 561, 580-81, 534 A.2d 689, 699-700 (1987).  Here, the tortious conduct forming the basis for Claims 6 and 7 also forms the basis for holding Strafford County and its agency, the SCDC, vicariously liable. Accordingly, in the order this date, the court has directed service of Claim 8.

E.    Braley (Claim 9)

Under state law, a person who intentionally strikes and injures another may be liable in tort.  See Silva v. Warden, 150 N.H. 372, 374, 839 A.2d 4, 6 (2003).  The facts alleged in the complaint and the addenda state plausible claims of Braley's liability to Crosby for the intentional torts of assault and battery under state law.  The court in an order this date has directed service of the intentional tort claims (Claim 9) upon Braley.

## Conclusion

For the foregoing reasons, the court should dismiss Claims 3 and 5 above.  The remaining claims identified herein are the subject of an order directing service of the complaint and the addenda thereto (doc. nos. 1, 7 and 8) upon the following defendants: the SCDC; inmate Jacob Braley; and SCDC officers Lt. FNU Roy, Sgt. FNU McGowen, Cpl. FNU Cormier, and C.O.s FNU Baggs, FNU Nadeau, FNU Darko, and FNU Chapel.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch.
Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st
Cir. 2010) (only issues fairly raised by objections to
magistrate judge's report are subject to review by district
court; issues not preserved by such objection are precluded on
appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 22, 2013

cc:  Christopher Crosby, pro se

LBM:nmd