UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Christopher Crosby</u>

   v.                                                              Civil No. 12-cv-383-SM

<u>Warren Dowaliby, Superintendent,</u>
<u>Strafford County Department of</u>
<u>Corrections, et al.</u>[1]


**O R D E R**

    Before this court, for preliminary review pursuant to 28 U.S.C. § 1915A(a) and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2), are the complaint and two addenda to the complaint (doc. nos. 1, 7, and 8) filed by pro se prisoner Christopher Crosby.  For reasons set forth in the report and recommendation issued this date (the "R&R"), Crosby has stated plausible claims for relief under 42 U.S.C. § 1983 and state tort law against each of the defendants.  The

---

    [1]Defendants named in the complaint and the addenda (doc. nos. 1, 7 and 8) are former Strafford County Department of Corrections ("SCDC") Superintendent Warren Dowaliby, SCDC inmate Jacob Braley, and the following SCDC officers:  Lt. Roy, whose first name is unknown ("FNU"); Sgt. FNU McGowen; Cpl. FNU Cormier; and Corrections Officers FNU Baggs, FNU Nadeau, FNU Darko, and FNU Chapel.  The narrative in the complaint and the first addendum (doc. nos. 1 and 7) indicate that Crosby also intends to name the SCDC as a defendant in this action.

claims to be served are identified as Claims 1, 2, 4, and 6-9 in the R&R.

The court notes that there are summonses for defendants in the file, but that defendant Jacob Braley's address on the summons may be incorrect, in light of Crosby's allegation that Braley is in the state prison. The clerk's office is directed to complete and issue summonses for the following defendants: the SCDC; New Hampshire State Prison inmate Jacob Braley, Inmate No. 87447; and SCDC officers Lt. Roy (first name unknown ("FNU")), Sgt. FNU McGowen, Cpl. FNU Cormier, and Corrections Officers FNU Baggs, FNU Nadeau, FNU Darko, and FNU Chapel. The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint, the addenda and exhibits thereto (doc. nos. 1, 7 and 8); the R&R; and this order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve process upon the SCDC, and upon each individual defendant, see Fed. R. Civ. P. 4(c)(3), 4(e), and 4(j)(2); see also N.H. Rev. Stat. Ann. § 510:10.

Defendants are instructed to answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

Crosby is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya McCafferty
United States Magistrate Judge

April 22, 2013

cc: Christopher Crosby, pro se

LBM:nmd